Per Curiam.

This case is now before this court as a result of the action of the Supreme Court of the United States in vacating the judgment rendered by this court and remanding it for reconsideration in the light of Gideon v. Wainwright, 372 U. S., 335.
The ease of Gideon v. Wainwright held that the right to counsel is a fundamental constitutional right and the denial thereof constituted a denial of a fair trial.
However, the facts in the Gideon case are completely different from those in the present case. In Gideon the accused specifically asked that counsel be appointed to represent him, which request was denied and the accused was forced to represent himself in the actual trial of the case. Such are not the facts in relation to Doughty. The evidence presented at the original hearing on his application for release by habeas corpus showed that he had discussed the retention of counsel with his wife but never made any request to the court that counsel be *47 appointed to represent him, unlike Gideon who requested and was refused counsel.
Therefore, the court adheres to its original judgment.

Former judgment adhered to.

Taet, O. J., Zimmerman, Matthias, Grieeith, Herbert and Gibson, JJ., concur.